IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT PHILLIP MARTINEZ,

    Plaintiff,                    No. CIV S-05-1888 GEB PAN P

    vs.

TERESA A. SCHWARTZ,

    Defendant.                  <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se.  Although plaintiff submitted his claims on a form petition for a writ of habeas corpus, plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected

1

and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff is a Native American claiming his rights have been violated by the requirement that he cut his hair.

This action may be moot, meaning the court cannot grant plaintiff effective relief. Cantrell v. City of Long Beach, 241 F.3d 674, 678 (9th Cir. 2001). The court must dismiss a case that has become moot for lack of jurisdiction. Foster v. Carson, 347 F.3d 742 (9th Cir. 2003).

Effective January 17, 2006, the Office of Administrative Law filed emergency changes to the prison grooming standards with the Secretary of State. See Cal. Code Regs tit. 15, § 3000-3210. These standards replaced the former 1997 grooming standards, which required male inmates to keep their hair short. (See Andreozzi v. Davis, CIV S-02-0796 GEB CMK P, Defs.' Mot. to Dismiss and Opp'n to Pl.'s Mot. for Prelim. Inj., Ex. A).[1] Under the modified grooming regulations, inmates are permitted to wear their hair long and to wear beards as specified. See Cal. Code Regs tit. 15, § 3062(e). Braids and cornrows are permissible. See Cal. Code Regs tit. 15, § 3062(g). As an emergency provision, the modified regulations are subject to a period of public comment before being considered final. (See Andreozzi v. Davis, CIV S-02-0796, Defs.' Mot. to Dismiss and Opp'n to Pl.'s Mot. for Prelim. Inj., Ex. A). However, the regulations are now being applied at California State Prisons. See id. Former restrictions on hair length are no longer in effect. See id.

Plaintiff alleges he has been and will be punished if he continues to refuse to cut his hair. His claim is based on prison policies which, as of January 17, 2006, were drastically modified and no longer restrict inmate hair length. See Cal. Code Regs tit. 15, § 3000-3210. Plaintiff's claim does not fall into the category of claims that are "capable of repetition, yet evading review." See Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995). In Dilley, the Ninth Circuit held that "[t]his exception to the mootness doctrine applies when (1) the challenged action is too short in duration to be fully litigated prior to its expiration and (2) there is a reasonable expectation that the injury will occur again." Id. Here, however, the challenged grooming regulations were in effect for approximately nine years and may have changed as a

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

result of litigation similar to the instant action. Warsoldier v. Woodford, 418 F.3d 989, 995 (9th Cir. 2005).[2] There is no reasonable expectation that prison officials will, in light of the new regulations, discipline plaintiff for wearing his hair long in accordance with his religious beliefs. Accordingly, the undersigned finds that, in light of the new grooming regulations, this court may not have jurisdiction.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

---

[2] A state substantially burdens religion when it imposes a "significantly great restriction or onus upon such exercise," or "denies an important benefit because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his beliefs." Warsoldier, 418 F.3d at 995. Forcing a prisoner to choose between his religion and conforming to prison rules so as to have basic privileges and to remain disciplinary-free constitutes a substantial burden. Warsoldier, 418 F.3d at 996.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to designate this action as one brought by a prisoner alleging civil rights violations.

2. Plaintiff's request for leave to proceed in forma pauperis is granted.

3. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

4. Plaintiff's complaint is dismissed.

5. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.  The Clerk of the Court is directed to send to plaintiff the form civil rights complaint used in this court.

DATED: April 27, 2006.

UNITED STATES MAGISTRATE JUDGE

\004
mart1888.14anew